## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| JEFFREY MENDOZA; JOSÉ ISRAEL MORALES<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA; FEDERAL EMERGENCY MANAGEMENT AGENCY; DEPARTMENT OF HOMELAND SECURITY<br><br>Defendant | CASE NO.   21-1526<br><br>FEDERAL TORT CLAIMS ACT<br>28 U.S.C.A. §§ 2 ET SEQ.<br><br><br>PERSONAL DAMAGES AND BODILY INJURY |

### COMPLAINT

**COME NOW** Plaintiffs, through the undersigning attorney, and respectfully **ALLEGE** and **STATE** as follows:

### I.    JURISDICTION AND VENUE

1.  This is a matter involving the Federal Tort Claims Act pursuant to 28 U.S.C.A. §§ 2 et seq., brought by the Plaintiff against the United States of America. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1346(b).

2.  Venue is proper in the Federal District Court for the District of Puerto Rico since the actions upon which this Complaint is based occurred in the Municipality of Arecibo, Puerto Rico.

### II.    PARTIES

3.  At the time of filing of the instant *Complaint*, Plaintiff Jeffrey Mendoza was a resident of Bo. Asomante, Road 115 km 26.9 Aguada, Puerto Rico.

4.  At the time of filing of the instant *Complaint*, Plaintiff José Israel Morales was a resident of Bo. Naranjo, Road 2, km 5.39, Aguada, Puerto Rico.

5.    At all times material to the instant case, Defendant United States of America, through the Federal Emergency Management (hereinafter, "FEMA") an agency under the branch of the Department of Homeland Security (hereinafter "Defendant"), was the employer of Juan Said López-Rodríguez who was the driver of the vehicle that impacted plaintiffs' vehicle; the vehicle driven by Juan Said López-Rodríguez was owned by United States Government through the Department of Homeland Security (license plate 501724); at the times materials of the instant case Juan Said López-Rodríguez was rendering services for and on behalf of the Defendant.

## IV.  FACTUAL BACKGROUND

6.    On September 11, 2019, around 6:50 a.m, Plaintiffs were riding eastbound through highway 22 in route to San Juan.

7.    While detained at the aforementioned road due to high volume traffic, plaintiffs' vehicle was violently rear-ended by a vehicle owned by the Defendant and driven by a FEMA employee known as Juan Said López-Rodríguez.

8.    At the time of the instant case Juan Said López-Rodríguez was rendering services for and on behalf of FEMA.

9.    As a result of the impact Plaintiffs suffered physical traumas, requiring medical assistance and extensive medical treatment.

10.   Notwithstanding the medical treatment received, Plaintiffs still endure pain and limitations in the affected areas.

## V.     DAMAGES

11.   As a direct result of the events described above, Plaintiffs suffered damages valued in a sum not lower than $100,000.00.

12.   As a direct result of the physical damages mentioned above and the medical treatment received for said physical damages, Plaintiffs suffered and continue to suffer emotional damages valued in a sum not lower than $50,000.00.

13.   As a direct result of the events described above, Plaintiffs developed a permanent physical impairment.  Said damage is valued in a sum not lower than

$50,000.00.

## VI.   NEGLIGENCE

14.   Defendant is directly and/or indirectly responsible for the damages experienced by Plaintiffs as a result of the accident previously described, inasmuch Defendant is the employer of the FEMA agent that was the driving the vehicle that impacted Plaintiffs' vehicle; furthermore, Defendant was the owner, administrator, proprietor and/or had controlled of the vehicle that the FEMA agent was driving the day in question.

15.   The collision that gives rise to the instant case was caused by the recklessness, carelessness and/or negligence of the driver behind the wheel of the vehicle that impacted plaintiffs' vehicle for that, among other acts and/or omissions, the driver:

a.   Operated the vehicle at a high speed.

b.   Failed to reduce speed to avoid a collision.

c.   Failed to maintain adequate distance between vehicles.

d.   Failed to observe due care and precaution while driving the vehicle.

e.   Failed to keep a proper lookout for vehicles lawfully upon the way;

f.   Failure to approach the traffic with caution; and

g.   In other respects not known to the Plaintiff but which may become known prior to or at the time or trial.

16.   All of Plaintiffs loses were, are and will be due solely to and by reason of the carelessness and negligence of Defendant and/or the driver of the vehicle owed by the Defendant, without any negligence or wand of due care on the Plaintiffs part contributing thereto

## VI.   RELIEF SOUGHT

17.   As a direct and proximate result of the negligent and/or willful acts and/or omissions of Defendant and given the resulting damages, Plaintiffs request judgment for a sum not lower than $200,000.00, plus interest, cost, and attorney's fees.

3

a

**WHEREFORE**, Plaintiffs request judgment against Defendant for the amount of $200,000.00. Plaintiffs are found to be entitled, together with interest, costs, and attorney's fees.


Respectfully submitted,


Dated, November 3, 2021.

**ANTONIO L. IGUINA GONZÁLEZ**
PO Box 361058
San Juan, Puerto Rico 00936–1058
Tel.           (787) 464–7373
Fax           (787) 288–5300
Email       antonioiguina@gmail.com


*s  / Antonio L. Iguina-González*

**ANTONIO L. IGUINA GONZÁLEZ, ESQ.**
USDC No.: 224605